IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

ERNESTO CASTRO                                                                                                  PLAINTIFF

v.                                          Civil No. 6:25-cv-06010-SOH-MEF

WARDEN WHITE
(Omega Technical Violator's Center, Arkansas
Division of Community Correction);
ARKANSAS DEPARTMENT OF                                                                                 DEFENDANTS
CORRECTIONS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This is a civil rights action filed under 42 U.S.C. § 1983. The case was directly assigned to the undersigned Magistrate Judge pursuant to General Order 2024-02, but not all parties to the action have consented to the jurisdiction of the undersigned. *See* 28 U.S.C. § 636(c). Accordingly, the case will automatically be reassigned to Chief United States District Judge Susan O. Hickey and referred to the undersigned for a report and recommendation pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3).

### I.   BACKGROUND

Plaintiff filed his Complaint on January 23, 2025. (ECF No. 1). He was incarcerated at the time he filed his Complaint, and *in forma pauperis* ("IFP") status was granted on January 23, 2025. (ECF No. 3). On March 4, 2025, Plaintiff filed a Notice of Address Change indicating he had been released from custody. (ECF No. 10). On March 5, 2025, the Court entered an Order directing Plaintiff to submit an IFP application reflecting his free-world status by March 26, 2025. (ECF No. 11). When Plaintiff failed to do so, the Court entered a Show Cause Order, directing Plaintiff to submit his Response by June 9, 2025. (ECF No. 12). Neither Order was returned as

1

undeliverable.  To date, Plaintiff has failed to submit either his updated free-world IFP application or his Show Cause Response.

## II.   LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law.  *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984).  The local rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. ...  If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice.  Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court.  Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)).  Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order."  *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

## III.   ANALYSIS

Plaintiff has failed to comply with two Court Orders.  Plaintiff has failed to prosecute this matter.  Accordingly, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), Plaintiff's Complaint should be dismissed without prejudice for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## IV. CONCLUSION

Accordingly, it is RECOMMENDED that Plaintiff's Amended Complaint (ECF No. 8) be DSIMISSED WITHOUT PREJUDICE.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 26th day of June 2025.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE